IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CT-3074-FL

| | |
|---|---|
| HARRY SHAROD JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| KENNETH E. LASSITER, TOM ) | |
| BRICKHOUSE, INA M. HINTON, and ) | |
| CHAPLAIN HARDISON, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging claims for violations of the Religious Land Use and Institutionalized Persons Act, and the First and Fourteenth Amendments to the United States Constitution. The matter is before the court for frivolity review of plaintiff's complaint pursuant to 28 U.S.C. § 1915, and on plaintiff's motions to appoint counsel, (DE 8), and for summary judgment, (DE 9).

The court begins with plaintiff's motion to appoint counsel. Plaintiff requests appointment of counsel because he is unable to afford counsel and does not have legal training or the ability to conduct legal research. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the

S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff has failed to demonstrate that this case is one in which exceptional circumstances merit appointment of counsel, and plaintiff has demonstrated through his filings that he is capable of proceeding pro se. The court therefore denies plaintiff's motion to the extent he seeks general appointment of counsel. Plaintiff, however, is entitled to appointment of North Carolina Prisoner Legal Services, Inc. ("NCPLS") to assist in discovery pursuant to standing order 17-SO-03, and the court will address appointment of NCPLS in a forthcoming order.

Plaintiff also has filed motion for summary judgment. The motion is premature where the defendants have not responded to plaintiff's complaint and the parties have not completed discovery. See Fed. R. Civ. P. 56(d). Accordingly, the court denies plaintiff's motion for summary judgment. After defendants file answer, the court will enter case management order setting deadlines for pretrial discovery and dispositive motions (such as motions for summary judgment). Plaintiff may renew his motion for summary judgment after the parties have had adequate opportunity for discovery.

Finally, the court turns to the frivolity review of plaintiff's complaint pursuant to 28 U.S.C. § 1915. Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The court finds plaintiff's claims are not clearly frivolous and that the complaint alleges sufficient facts to state claims for relief.

Based on the foregoing, the court DENIES plaintiff's motions to appoint counsel, (DE 8), and for summary judgment, (DE 9), and ALLOWS this action to proceed. The clerk is DIRECTED to proceed in accordance with standing order 14-SO-02, which governs service of process in state prisoner civil rights cases. In the event it becomes necessary, the court DIRECTS the United States Marshals Service to serve process on defendants pursuant to 28 U.S.C. § 1915(d). The clerk is further DIRECTED to proceed in accordance with standing order 17-SO-03 governing appointment of North Carolina Prisoner Legal Services, Inc. to assist in discovery.

SO ORDERED, this the 12th day of November, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge